UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| GAYNELL C. COLBURN, individually and on behalf of others similarly situated,<br>1700 N. Gay Street<br>Baltimore, Maryland 21212 | *<br>*<br>*<br>* |
| *Plaintiff,* | * |
| v. | *    Case No. 1:18-cv-1998 |
| ONE LODGING MANAGEMENT INC.,<br>8800 E. Raintree Dr, Ste 100<br>Scottsdale, AZ 85260 | *<br>* |
| Serve on: | * |
| Paracorp Incorporated<br>25538 W Royal Palm Rd<br>Ste. J<br>Phoenix, AZ 85021 | *<br>*<br>* |
| *Defendant.* | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**CLASS ACTION COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF**

Plaintiff, Gaynell C. Colburn, on behalf of herself and the proposed class (defined below), brings this action against One Lodging Management, Inc. ("Defendant"):

**INTRODUCTION**

1. When the Americans with Disabilities Act ("ADA") was signed into law by President George H.W. Bush, he declared: "Together, we must remove the physical barriers we have created and the social barriers that we have accepted.

1

For ours will never be a truly prosperous nation until all within it prosper."[1]

2. For more than 25 years, the ADA has required that individuals with disabilities be provided full and equal access to the goods, services, and facilities provided by hotel owners and operators.

3. This mandate requires hotel businesses to provide individuals with disabilities accessible transportation services.

4. Defendant operates various hotels throughout Maryland and, as part of those operations, provides hotel customers transportation services.

5. Defendant has failed to make its transportation services fully accessible to individuals with disabilities, thereby denying those individuals the same benefits and privileges afforded to guests without disabilities.

6. Plaintiff accordingly seeks declaratory and injunctive relief establishing that Defendant has engaged in violations of the ADA, and requiring Defendant to comply with the ADA by providing individuals with disabilities accessible transportation services that are equivalent to the transportation services provided to non-disabled guests.

## JURISDICTION AND VENUE

7. The claims alleged arise under Title III such that this Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

---

[1] EEOC.gov, Remarks of President George Bush at the Signing of the Americans with Disabilities Act, available at: https://www.eeoc.gov/eeoc/history/35th/videos/ada_signing_text.html

8. Personal jurisdiction exists for Defendant because it manages and/or operates multiple hotels located in Maryland, including the Townplace Suites-Arundel Mills/BWI Airport in Hanover, Maryland; Hampton Inn & Suites-Arundel Mills/Baltimore in Hanover, Maryland; Hampton Inn & Suites-Baltimore/White Marsh in Baltimore, Maryland; and Residence Inn Arundel Mills BWI Airport in Hanover, Maryland.

9. Venue in the District of Maryland is proper under 28 U.S.C. § 1391(b)(2) because this is the judicial district in which a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred.

## **PARTIES**

10. Plaintiff Gaynell C. Colburn, at all times relevant hereto, is and was a resident of Baltimore City, Maryland.

11. Plaintiff is a wheelchair user who is limited in the major life activity of walking.

12. Plaintiff is a professional musician who has performed with Stevie Wonder and played at the White House for four different Presidents.

13. Plaintiff is also a motivation speaker.

14. Plaintiff has travelled extensively and intends to continue to travel extensively.

15. Plaintiff often stays in hotels.

16. As Plaintiff requires a wheelchair accessible vehicle in order to utilize transportation services offered by hotels, she has a personal interest in ensuring

that hotels comply with federal requirements governing the provision of accessible transportation services.

17.     Plaintiff is a tester in this litigation and a consumer who wishes to access Defendant's goods and services.  *See Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 457 (4th Cir. 2017); *Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Tr.,* 867 F.3d 1093, 1102 (9th Cir. 2017); *Colo. Cross Disability Coal. v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1211-12 (10th Cir. 2014); *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1334 (11th Cir. 2013); *see also Havens Realty Corp. v. Coleman*, 455 US 363, 372-74 (1982).

18.     Defendant One Lodging Management, Inc. is incorporated in British Columbia.  Defendant is a subsidiary of O'Neill Hotels and Resorts Ltd. Defendant's principal place of business and United States office is located at 8800 E. Raintree Drive, Suite 100, Scottsdale, AZ 85260.

## FACTUAL ALLEGATIONS

19.     Defendant manages and/or operates many hotels throughout the United States.

20.     As part of these operations, Defendant provides its customers transportation services, including, but not limited to, complimentary shuttle services.

21.     Within the applicable limitations period, Plaintiff called the Townplace Suites-Arundel Mills/BWI Airport and was told by an agent of

5

Defendant that the Townplace Suites-Arundel Mills/BWI Airport provides a complimentary shuttle service for guests.

22. Plaintiff was told that the complimentary shuttle service was not wheelchair accessible.

23. Plaintiff was also told that Defendant would not provide alternative accessible transportation service.

24. Within the applicable limitations period, Plaintiff called the Hampton Inn & Suites-Arundel Mills/Baltimore and was told by an agent of Defendant that the Hampton Inn & Suites-Arundel Mills/Baltimore provides a complimentary shuttle service for guests.

25. Plaintiff was told that the complimentary shuttle service was not wheelchair accessible.

26. Plaintiff was also told that Plaintiff could call a cab, but that Defendant would not pay for it, and Plaintiff would be responsible for the payment.

27. Within the applicable limitations period, Plaintiff called the Hampton Inn & Suites-Baltimore/White Marsh and was told by an agent of Defendant that the Hampton Inn & Suites-Baltimore/White Marsh provides a complimentary shuttle service for guests.

28. Plaintiff was told that the complimentary shuttle service was not wheelchair accessible.

29. Plaintiff was also told that Defendant would not provide alternative accessible transportation service, but could connect her with a cab company that she could hire privately.

30. Within the applicable limitations period, Plaintiff called the Residence Inn Arundel Mills BWI Airport and was told by an agent of Defendant that the Residence Inn Arundel Mills BWI Airport provides a complimentary shuttle service for guests.

31. Plaintiff was told that the complimentary shuttle service was not wheelchair accessible.

32. Plaintiff was also told that Defendant would not provide alternative accessible transportation service.

33. Defendant's policy and practice of refusing to offer individuals with disabilities equivalent transportation services is discriminatory and in violation of the ADA.

34. Though Plaintiff is serving as a tester in this case, she would like to stay at one or more of the properties managed by Defendant in the future and use the hotel's transportation services.

35. However, the lack of accessible transportation services has deterred Plaintiff from staying at Defendant's hotels or using its shuttle service. The lack of accessible transportation services has also deterred Plaintiff from staying at any of the other hotels managed by Defendant.

36. Plaintiff intends to continue to test Defendant's hotels.

37. Plaintiff has been, and in the absence of an injunction will continue to be, injured by Defendant's policy and practice of failing to provide equivalent transportation services to persons with disabilities.

## CLASS ALLEGATIONS

38. Plaintiff brings this action under Rule 23(a) and (b)(2) of the federal rules of civil procedure and on behalf of herself and the following class: "All individuals who use wheelchairs or scooters for mobility and who have been, or in the future will be, denied the full and equal enjoyment of transportation services offered to guests at Towneplace Suites-Arundel Mills/BWI Airport, Hampton Inn & Suites-Arundel Mills/Baltimore, Hampton Inn & Suites-Baltimore/White Marsh, or Residence Inn Arundel Mills BWI Airport because of the lack of equivalent accessible transportation services at those hotels."

39. <u>Numerosity:</u> The class described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and the Court, and will facilitate judicial economy.

40. <u>Typicality:</u> Plaintiff's claims are typical of the claims of the members of the class. The claims of Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

41. <u>Common Questions of Fact and Law:</u> There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are being denied their civil rights to

full and equal access to, and use and enjoyment of, Defendant's goods, services and facilities due to the policies and practices described above.

42. <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the members of the class. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation, generally, and who possess specific expertise in the context of class litigation under the ADA.

43. Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

## CAUSE OF ACTION
### Violations of 42 U.S.C. §§ 12181, *et seq.*

44. Plaintiff incorporates by reference each and every allegation herein.

45. Plaintiff brings this claim individually and on behalf of the class.

46. Plaintiff is an individual with a disability under the ADA. 42 U.S.C. § 12102(1)(A).

47. Defendant, a hospitality business, is public accommodation under the ADA. 42 U.S.C. § 12181(7).

48. Title III of the ADA prohibits discrimination against individuals with disabilities in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. § 12182(a).

49. Defendant operates fixed route systems and/or demand responsive systems within the meaning of the ADA. 42 U.S.C. § 12181(3) and (4).

50. For fixed route systems, Defendant must meet the following requirements: a) for all purchases or leases after August 25, 1990, vehicles with a seating capacity over 16 passengers must be wheelchair-accessible; and b) for all purchases or leases after August 25, 1990, vehicles with a seating capacity of under 16 passengers must be either wheelchair-accessible or equivalent service must be provided. 42 U.S.C. § 12182(B).

51. For demand responsive systems, Defendant must provide wheelchair-accessible vehicles or ensure that equivalent service is provided. 42 U.S.C. § 12182(C).

52. Defendant has engaged in illegal disability discrimination by, without limitation, failing to ensure that transportation vehicles in use at the hotels it manages and/or operates are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, by failing to ensure that its hotels provide equivalent accessible transportation services to

such individuals, and/or by failing to ensure that personnel are trained to proficiency with respect to the provision of accessible transportation services.

53. Moreover, by failing to provide accessible transportation, Defendant has engaged, directly, or through contractual, licensing, or other arrangements, in illegal disability discrimination, as defined by Title III, including without limitation:

a) denying individuals with mobility disabilities opportunities to participate in and benefit from the goods, services, and facilities available at Defendant's hotels;

b) affording individuals with mobility disabilities unequal access to goods, services, or facilities;

c) utilizing methods of administration that (i) have the effect of discriminating on the basis of disability; or (ii) perpetuating the discrimination of others who are subject to common administrative control;

d) failing to make reasonable modifications in policies, practices, or procedures where necessary to afford services, privileges, advantages, or accommodations to individuals with mobility disabilities.

54. Defendant's ongoing and continuing violations of Title III have caused, and in the absence to an injunction will continue to cause harm to the Plaintiff and the class.

55. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant failed to take action reasonably calculated to ensure that Defendant's transportation services were fully accessible to, and independently usable by, individuals with visual disabilities;

b. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its transportation services into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that those transportation services are fully accessible to, and independently usable by, individuals with disabilities, and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law.

c. An Order Certifying the proposed class, naming Plaintiff as the representative of the class, and designating counsel for Plaintiff as class counsel;

      d.      Payment of costs and reasonable attorneys' fees as provided for by law; and

      e.      Such other additional or alternative relief as the Court finds just and proper.

Dated: July 2, 2018.              Respectfully submitted,


*/s/ E. David Hoskins*
E. David Hoskins, Esq., No. 06705
The Law Offices of E. David Hoskins, LLC
16 East Lombard Street, Suite 400
Baltimore, Maryland 21202
(410) 662-6500 (Tel.)
davidhoskins@hoskinslaw.com


*/s/ Kathleen P. Hyland*
Kathleen P. Hyland, Esq., No. 30075
Hyland Law Firm, LLC
16 East Lombard Street, Suite 400
Baltimore, Maryland 21202
(410) 777-5396 (Tel.)
kat@lawhyland.com


*/s/ R. Bruce Carlson*
R. Bruce Carlson, No. 29344
Carlson Lynch Sweet Kilpela & Carpenter, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh PA, 15222
(412) 322-9243 (Tel.)
bcarlson@carlsonlynch.com